**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Senger, ) | No. CV-04-1383-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Pinal County, Arizona, et al., ) | |
| Defendants. ) | |

Plaintiff proceeding pro se filed this lawsuit on July 7, 2004, asserting claims for violation of constitutional rights under 42 U.S.C. § 1983 and conspiracy to violate constitutional rights, and state law claims for abuse of process, conspiracy, defamation, invasion of privacy and intentional infliction of emotional distress. Defendants are Pinal County, Arizona, the Pinal County Board of Supervisors, the Pinal County Manager and numerous other Pinal County officials and employees. Plaintiff's claims stem from an alleged investigation regarding certain code violations and execution of a "general exploratory" search warrant at Plaintiff's property located in Pinal County. Plaintiff has requested a jury trial and $150,000.00 in money damages. Although Plaintiff has not asserted a specific jurisdictional basis in his complaint, it appears that this Court' jurisdiction has been invoked under 28 U.S.C. § 1331, federal question, and 28 U.S.C. § 1367, supplemental jurisdiction as to Plaintiff's state law claims.

Defendants have filed a motion for summary judgment, supported by a separate statement of facts, as to all of Plaintiff's claims. (Doc. 19-20). Plaintiff has filed a response in opposition, supported by a separate statement of facts. (Doc. 23-24). Defendants have filed a reply. (Doc. 27). The Court enters this Order on summary judgment without oral argument from the parties.

I.

Standard of Review.

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Material facts are those which might affect the outcome of the suit. ... An issue is genuine if a reasonable trier of fact could find in favor of the nonmoving party." Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir. 2005). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). See also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

II.

Background Facts.

On February 26, 2003, in response to a complaint, Pinal County Environmental Investigator Michael Simpson, accompanied by Pinal County Environmental Technician Frank Reed, conducted a visual inspection of Plaintiff's property located in an unincorporated part of Pinal County. Without entering the premises, these Pinal County officials observed a large amount of debris along with what appeared to be half buried structures. During two follow-up visual inspections in February and March 2003, officials

1  observed large amounts of stored rubbish and trash which appeared to be in violation of
2  applicable Arizona and Pinal County laws.
3        On May 21, 2003,Mr. Simpson applied for a search warrant in the Superior Justice
4  Court, Precinct #6, in and for Pinal County, Arizona, in order to enter and inspect the
5  property. According to the search warrant and Mr. Simpson's supporting affidavit, county
6  employees believed there were ongoing violations under A.R.S. §§ 13, 44 and 49 and Pinal
7  County Rubbish and Trash Ordinances. Justice of the Peace Bruce Griffith reviewed Mr.
8  Simpson's affidavit, determined there was probable cause to believe there were ongoing
9  violations of Arizona and Pinal County laws, and issued the warrant. The search warrant
10 allowed county employees to enter, search and inspect Plaintiff's property for such
11 violations.
12       On May 22, 2003, Pinal County officials entered Plaintiff's property pursuant to the
13 search warrant and noted a number of violations of trash/rubbish laws in plain view. The
14 officials also observed what appeared to be an unsafe subterranean structure in violation of
15 provisions of the Pinal County building code. In addition to these alleged violations, officials
16 while on the property discovered a quantity of marijuana and what appeared to be marijuana
17 plants growing on the premises.
18       On May 23, 2003, a Notice and Order was sent to Plaintiff regarding the structure.
19 On June 27, 2003, a Notice of Violation was sent to Plaintiff regarding the trash/rubbish
20 violations. Plaintiff asked for and received a hearing before the Pinal County Board of
21 Supervisors on July 16, 2003. The Notice of Violation of Pinal County Ordinance was
22 upheld and the Board of Supervisors ordered Plaintiff to remove all of the illegal debris from
23 his property within thirty days. Plaintiff was warned that failure to comply could result in
24 removal of the debris and rubbish by the County at Plaintiff's expense. By October 2003,
25 when it appeared that Plaintiff had not complied with the Order of removal, an Order of
26 Abatement was issued. Plaintiff requested a hearing but the Abatement was never carried
27 out. On January 7, 2004, Plaintiff sold the subject property.
28

1 | Regarding the marijuana observed on the property, the Sheriff of Pinal County applied for and obtained a search warrant. During the execution of the search warrant, Plaintiff allegedly called his lawyer and Sheriff's deputies who overheard Plaintiff's conversation recounted the conversation in their report. A copy of the report eventually was provided to a local newspaper reporter and there appears to have been a news article based on the report.

After conducting the search, the Pinal County Sheriff's Office arrested Plaintiff and charged him with criminal possession of marijuana and other charges. During the criminal proceedings, in the Superior Court of Pinal County, Arizona, Plaintiff challenged the search of his property as in violation of his rights under the Fourth Amendment. The Superior Court denied Plaintiff's motion to suppress, finding that the administrative warrant was valid under Arizona law, that no evidence was collected as a result of the administrative warrant, and that after discovery of any contraband, a new warrant was obtained which Plaintiff had conceded was valid. Plaintiff subsequently pleaded guilty to "attempt to possess" marijuana, a class 6 felony, and was sentenced to one year of unsupervised probation and 40 hours of community service.

## III.

## Discussion.

Plaintiff's complaint contains numerous allegations. Plaintiff contends that his cause of action accrued on July 16, 2003, which is the date of the hearing on the administrative code violation. Regarding his claim for violation of constitutional rights, Plaintiff alleges that this action arises under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments. Plaintiff appears to support his constitutional claims with the following allegations: Pinal County and its official launched an unauthorized investigation against him; Pinal County employees Michael J. Simpson and Frank Reed trespassed on his property; Pinal County officials observed his property and took unauthorized photographs of it; Mr. Simpson's affidavit of May 2003 was not supported by probable cause; the administrative inspection of his property and the resulting hearing and proceedings were a "sham;" and, Plaintiff was engaged in religious activity on his property and the activity of the Pinal County

- 4 -

officials violated his religious rights. Regarding this latter allegation, Plaintiff asserts that his "Holy Sacramental Herbs were discovered, and were seized as being some type of marijuana." (Complaint, para. 46). Plaintiff's complaint also contains allegations related to the conditions of his confinement in the Pinal County Adult Detention Center, such as overcrowding and alleged abuse by the Sheriff's Detention Officials. Plaintiff further complains that the alleged public release of the police report embarrassed and defamed him. Plaintiff alleges that the November 2003 abatement order and the criminal charges have caused him emotional distress.

Defendants have moved for summary judgment on the grounds that Plaintiff's Fourth Amendment claims are precluded because issues related to the legality of the search of Plaintiff's property and the discovery of illegal activity were fully litigated in the state courts and resolved against Plaintiff. The individual defendants contend they are entitled to qualified immunity because the search warrant issued as to Plaintiff's property was based on probable cause. Defendants also argue that Plaintiff has not shown that his constitutional rights were violated and all of Plaintiff's state or common law claims are not factually supported.

In his filed response, Plaintiff makes clear that he pleaded guilty to the criminal charges and that he seeks no "redress whatsoever" as to those charges and the resulting plea agreement. (Response at p. 5). Plaintiff appears to contend that his claims relate to the administrative search and proceedings concerning alleged code violations on his property and that he was denied procedural and substantive due process as to the alleged administrative violation. Plaintiff complains that he was not afforded a full and fair opportunity to litigate the violation of his religious, privacy and Fourth Amendment rights in the administrative proceedings. He makes a similar argument with respect to the criminal proceedings, even though he has clearly stated in his papers that his claims do not relate to the criminal charges.

Based on Plaintiff's clarification in his papers, the Court has considered Plaintiff's claims as not involving the second search warrant or the resulting criminal charges, including his incarceration. Plaintiff's claims concern the investigation into what Plaintiff terms a

1 "natural disaster shelter" located on his property that was the subject of the first search
2 warrant. Plaintiff alleges an abuse of power and unlawful practices by the Pinal County
3 Government regarding the administrative proceedings, claiming that he was unlawfully
4 targeted for investigation. Defendants in their reply have argued that summary judgment is
5 appropriate as to Plaintiff's claim of constitutional violation related to the administrative
6 proceedings because Defendants did not violate Plaintiff's procedural and substantive due
7 process rights. Defendants further argue that Pinal County officials were acting to enforce
8 a Pinal County ordinance and that it is undisputed that they complied with the ordinance's
9 provisions for notice, appeal and hearing in front of the Board of Supervisors.

10 Under 42 U.S.C. § 1983, a person may assert a claim for violation of rights secured
11 by the Constitution or laws of the United States by a person acting under color of law.
12 Qualified immunity serves to shield government officials "from liability for civil damages
13 insofar as their conduct does not violate clearly established statutory or constitutional rights
14 of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 815,
15 102 S.Ct. 2727 (1982). In considering qualified immunity claims on summary judgment, this
16 Court must take the facts in the light most favorable to the party asserting the injury and
17 determine whether the facts alleged show that the officer's [or defendant's] conduct violated
18 a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). If no
19 constitutional right was violated, the inquiry ends. If a constitutional right was violated, the
20 Court must determine whether that right was clearly established at the time the officer
21 violated it. Id., 533 U.S. at 201-02. A right is clearly established if a reasonable officer in
22 defendant's situation would have recognized that the conduct was unlawful. Id., 533 U.S. at
23 200.

24 The United States Supreme Court has refused to find a distinction between an
25 "inspection" and a "search" and has held that a warrant is required upon a home inspection
26 even when the home inspection is part of a regulatory scheme. Camara v. Municipal Court,
27 387 U.S. 523, 534, 538, 87 S.Ct. 1727 (1967). The facts are undisputed that the Pinal County
28 officials obtained an administrative warrant before entering Plaintiff's property to inspect for

code violations. Plaintiff has alleged that the affidavit in support of the warrant request was deficient and lacking in probable cause. He points to no specific deficiency, however. Plaintiff's allegations are conclusory and therefore not sufficient basis for a claim of constitutional violation based on the Fourth Amendment in light of what appears to be a judicially authorized warrant.

For notice to be sufficient under the Due Process Clause, it must be reasonably calculated under all the circumstances to apprise interested persons of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and to afford a reasonable time for those interested to make their appearance. <u>Mullane v. Central Hanover Bank & Trust</u>, 339 U.S. 306, 314, 70 S.Ct. 652 (1950). In this case, Pinal County officials entered Plaintiff's property on May 22, 2003 pursuant to a search warrant and noted a number of violations of trash/rubbish regulatory laws in plain view. The officials also observed what appeared to be an unsafe subterranean structure in violation of provisions of the Pinal County building code.

On May 23, 2003, a Notice and Order was sent to Plaintiff regarding the structure. On June 27, 2003, a Notice of Violation was sent to Plaintiff regarding the trash/rubbish violations. Plaintiff asked for and received a hearing before the Pinal County Board of Supervisors on July 16, 2003. The Notice of Violation of Pinal County Ordinance was upheld and the Board of Supervisors ordered Plaintiff to remove all of the illegal debris from his property within thirty days. Plaintiff was warned that failure to comply could result in removal of the debris and rubbish by the County at Plaintiff's expense. By October 2003, when it appeared that Plaintiff had not complied with the Order of removal, an Order of Abatement was issued. Plaintiff requested a hearing but the Abatement was never carried out. On January 7, 2004, Plaintiff sold the subject property. Plaintiff has not shown a procedural or substantive violation of due process under the Fifth and Fourteenth Amendments.

Plaintiff further has not shown how the Defendants' actions violated his right relevant to religious activities under the First Amendment. Plaintiff has not made out a violation of

1 any right of privacy based on the public disclosure of the police report.  See, Scheetz v. The Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991)(generally government disclosure of information contained in police reports does not implicate the right to privacy); Baker v. Howard, 419 F.2d 376 (9th Cir. 1969)(similar holding).

While he alleges cruel and unusual punishment under the Eighth Amendment based on conditions at the Pinal County Jail, he has not linked those allegations to any specific responsible official.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 834-35, 114 S.Ct. 1970 (1994)(official must know of and disregard an excessive risk to inmate health and safety). Any alleged violation of civil rights based on lack of probable cause under the Fourth Amendment relating to the criminal charges has not been considered.  Plaintiff has made it clear his claims in this lawsuit do not concern the criminal charges or proceedings.

Plaintiff's allegations make no specific assertion regarding the Sixth and Ninth Amendments.  Plaintiff has not alleged that he is a member of a class deserving of protection under the laws of the United States or that he has been treated in a manner inconsistent with others similarly situated in violation of the equal protection clause of the Constitution.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005)("Although '[a] successful equal protection claim may be brought by a "class of one," 'the plaintiff still bears the burden of proving that [he] 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'").

Plaintiff has not established a violation of any constitutional right by the individual defendants.  The individual defendants are entitled to qualified immunity as to Plaintiff's claims for violation of constitutional rights and their motion for summary judgment is granted.

In order to find a municipality such as the County of Pinal liable, Plaintiff must show that a "municipal policy or custom caused the constitutional injury."  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166, 113 S.Ct. 1160 (1993).  Plaintiff has failed to make out any constitutional violation and accordingly, there

1  can be no municipal liability. Defendant Pinal County's motion for summary judgment is
2  granted.

3        Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental
4  jurisdiction over related state law claims, if it has "dismissed all claims over which it has
5  original jurisdiction." The court has a measure of discretion when deciding whether to
6  continue to exercise supplemental jurisdiction over state claims when all federal claims are
7  eliminated before trial. Les Shockley Racing, Inc. v. National Hot Rod Ass'n, 884 F.2d 504,
8  509 (9th Cir. 1989). In the usual case in which all federal-law claims are eliminated before
9  before trial, the balance of factors to be considered will point toward declining to exercise
10 jurisdiction of the state-law claims. See, Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189
11 (9th Cir. 2001). This Court has considered the factors of judicial economy, convenience,
12 fairness and comity. Having found that Defendants are entitled to summary judgment on
13 Plaintiff's claims of constitutional violations, the federal claims, the Court declines to
14 exercise supplemental jurisdiction over Plaintiff's state law claims.

15 **Accordingly,**

16 **IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 19) is
17 granted in part and dismissed in part.

18 **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment as to
19 Plaintiff's federal-law claims based on constitutional violation is granted.

20 **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment as to
21 Plaintiff's state law claims, the remaining claims in this lawsuit, is dismissed without
22 prejudice.

23 **IT IS FURTHER ORDERED** that the Court declines to exercise supplemental
24 jurisdiction over Plaintiff's state law claims for abuse of process, conspiracy, defamation,
25 invasion of privacy and intentional infliction of emotional distress and these claims are
26 dismissed without prejudice to Plaintiff's right to re-asset them in state court .

DATED this 21st day of March, 2006.

_____
Mary H. Murguia
United States District Judge